United States District Court
Southern District of Texas
FILED

OCT 2 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE LUIS JUAREZ | § § § | CAUSE NO. **B-03-186** |
| VS. | § § | |
| UNION PACIFIC RAILROAD COMPANY | § § | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **JOSE LUIS JUAREZ** (hereinafter sometimes referred to as "Plaintiff"), complaining of **UNION PACIFIC RAILROAD COMPANY** (hereinafter sometimes referred to as "UPR"), Defendant, and for cause of action would respectfully show unto this Honorable Court as follows:

### I.

Plaintiff, **JOSE LUIS JUAREZ** is an individual residing in Cameron County, Harlingen, Texas.

Defendant UPR is a corporation qualified to do business in the State of Texas and doing business in Texas at all times relevant to this lawsuit. Said Defendant may be served with process by serving its registered agent, **Merrick C. Walton, 808 Travis, Suite 620, Houston, Texas 77002.**

### II.

The cause of action alleged herein below arose in Cameron County, Texas, in that the collision made the basis of this lawsuit occurred in Cameron County, therefore venue in

Cameron County, Texas is proper.

### III.

On January 30, 2003, Plaintiff was a driving a 1991 Red Oldsmobile, who was westbound on Runnel Road when the incident occurred. As Plaintiff slowed down while crossing the railroad tracks at crossing number M.P. 14.80, the **UPR** train which was northbound collided into Plaintiff's vehicle on the left back quarter of the Oldsmobile causing plaintiff to spin off the roadway fifty-seven feet. It was only after taking the necessary precautions of making sure the crossing was clear, that the Plaintiff crossed the railroad tracks.

At all times relevant to this lawsuit, Defendant, **UPR** was acting by and through its agents, servants and/or employees who were acting within the course and scope of their employment for the use and benefits of this Defendant. Therefore, this Defendant is liable to the Plaintiffs under the doctrine of respondeat superior.

### IV.

At the time and on the occasion in question, Defendant **UPR,** by and through its agents, servants and/or employees, was guilty of one or more acts of negligence, each of which was a separate act of negligence and a proximate cause of the losses and damages suffered by the Plaintiff, as follows:

1. Failing to maintain its railroad crossing in a proper manner and in allowing its railroad crossing to exist in a dangerous and extra hazardous condition.

2. Failing and neglecting to provide and maintain any signal, by mechanical device or otherwise, for the purpose of warning the general public of the approach of a train.

3. Failing and neglecting to warn the general public of approaching trains and seeing that an unusually dangerous situation existed and having an opportunity

to realize and appreciate the danger to persons using the crossing.

4. Failing to provide drop arms or any similar type of crossing guard at the intersection where the accident made the basis of this lawsuit occurred.

5. Failing to post adequate signs or warnings of the extra hazardous nature of the railroad crossing intersection where the accident made the basis of this lawsuit occurred.

6. Allowing its employee to operate the train in question in a manner which represented disregard of the safe operating rules and practices.

7. Failure of UPR's employee to observe the speed restriction on the date of the accident made the basis of this suit.

Each of such acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the incident in question and Plaintiffs' damages.

## V.

At the time and on the occasion in question, Defendant UPR, by and through its agents, servants and/or employees, were guilty of one or more acts of negligence, each of which was a separate act of negligence and a proximate cause of the losses and damages suffered by the Plaintiff, as follows:

1. Failing to maintain the private railroad crossing where the incident made the basis of this lawsuit occurred in a proper manner and in allowing the railroad crossing to exist in a dangerous and extra hazardous condition.

2. Failing to act prudently when put on notice of the extra-hazardous nature of this private railway crossing.

Each of such acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the incident in question and Plaintiff's damages.

## VI.

Plaintiff would show unto this Honorable Court that the conduct of the Defendant at the

By reason of all of the above and foregoing, Plaintiff has been damaged in the amount set out herein below.

## X.

By reason of all of the above and foregoing, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of this Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff **JOSE LUIS JUAREZ**, pray that Defendant, **UNITED PACIFIC RAILROAD COMPANY** be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiffs recover:

(1)   Judgment against Defendant, jointly and/or severally, for actual damages on behalf of the Plaintiff;

(2)   Judgment against Defendant, jointly and/or severally, for actual damages on behalf of the Plaintiff;

(3)   Punitive damages against Defendant, jointly and/or severally;

(4)   Pre-judgment interest and post-judgment interest at the legal rate per annum until paid in full;

(5)   Costs of court; and

(6)   Such other and further relief, both general and special, legal or equitable, to which Plaintiff may show themselves justly entitled.

Respectfully submitted,

_[signature]_

Gregory W. Allen
Texas Bar #01033500
12555-A Gulf Freeway
Houston, Texas 77034
Telephone (281) 922-4434
Facsimile (281) 922-4899

Case 1:03-cv-00186    Document 1    Filed in TXSD on 10/24/2003    Page 5 of 5

ATTORNEY FOR PLAINTIFF
JOSE LUIS JUAREZ

## JURY DEMAND

Plaintiff hereby request a jury trial on the issues in this cause and submit herewith the required jury fee.

-6-