United States District Court
Southern District of Texas
FILED

DEC 0 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE LUIS JUAREZ | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-03-186 |
| | * | |
| UNION PACIFIC RAILROAD COMPANY | * | JURY REQUESTED |
| | * | |

### DEFENDANT UNION PACIFIC RAILROAD COMPANY'S ORIGINAL ANSWER AND JURY DEMAND IN RESPONSE TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW UNION PACIFIC RAILROAD COMPANY, Defendant in the above entitled and numbered cause, and files this its Original Answer and Jury Demand, in response to Plaintiff's Original Petition, and in support thereof would show the Court as follows:

### ANSWER

1. Defendant states that it is without knowledge or sufficient information to form a belief as to the truth of the allegations contained in sub-paragraph 1 of Paragraph I of Plaintiff's Original Petition, and therefore, denies same.

2. Defendant admits that it is a foreign corporation doing business in the State of Texas and that it may be served by serving its registered agent in Houston, Texas as alleged in sub-paragraph 2 of Paragraph I of Plaintiff's Original Petition.

3. Defendant admits that the incident which is the basis of this lawsuit occurred in San Benito, Cameron County, Texas, and that venue is proper as alleged in Paragraph II of Plaintiff's Original Petition.

4. Defendant admits that on January 30, 2003 Plaintiff was driving on Runnel Road and attempted to cross the railroad tracks as a train was approaching the

intersection. Defendant specifically denies that Plaintiff took the necessary precautions to insure the crossing was clear prior to proceeding into the intersection. Defendant denies all remaining allegations contained in Paragraph III of Plaintiff's Original Petition.

5. Defendant denies the allegations contained in Paragraph IV of Plaintiff's Original Petition.

6. Defendant denies the allegations contained in Paragraph V of Plaintiff's Original Petition.

7. Defendant denies the allegations contained in Paragraph VI of Plaintiff's Original Petition.

8. Defendant denies the allegations contained in Paragraph VII of Plaintiff's Original Petition.

9. Defendant denies the allegations contained in Paragraph VIII of Plaintiff's Original Petition.

10. Defendant denies the allegations contained in Paragraph IX of Plaintiff's Original Petition.

11. Defendant denies the allegations contained in Paragraph X of Plaintiff's Original Petition.

12. Defendant denies that Plaintiff is entitled to a judgment, actual damages, punitive damages, costs of court, pre-judgment interest, post-judgment interest, or any other relief prayed for in the prayer of Plaintiff's Original Petition.

13. Defendant denies each and every allegation contained in Plaintiff's Original Petition not specifically admitted herein.

## AFFIRMATIVE DEFENSES

14. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the matters complained of by Plaintiff were

caused or contributed to, in whole or in part, by the Plaintiff's own negligence and/or comparative responsibility.

15. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the negligence of Plaintiff in that he failed to use that degree of care and caution which would have been exercised by a person of ordinary prudence under the same or similar circumstances and was, therefore, negligent in the operation, handling and maintenance of the vehicle in question in one or more of the following respects:

    a. Failing to control speed; and/or

    b. Traveling at a speed over the speed limit and/or at an unsafe speed under the circumstances; and/or

    c. Driver inattention; and/or

    d. Not proceeding in a lawful manner in preference to the train; and/or

    e. In failing to heed traffic warnings; and/or

    f. In failing to heed train warnings; and/or

    g. In failing to stop for train; and/or

    h. In failing to keep a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances; and/or

    i. In failing to stop and to yield the right-of-way at the railroad-highway grade crossing in question to the approaching train in order to determine and/or ascertain factors and/or conditions which would cause the driver to stop short of the railroad-highway grade crossing in question; and/or

    j. In failing to heed the warning of the locomotive's horn, whistle, bell, and/or headlights; and/or

    k. In failing to yield the right-of-way to the approaching train; and/or

    l. In failing to react appropriately or take proper evasive action to avoid the collision in question; and/or

    m. In failing to apply the brakes in time to avoid a collision; and/or

n.   In failing to stop for stop sign as required by law; and/or

o.   In failing to stop, look, and listen for oncoming train traffic.

Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to all Plaintiff which are alleged in Plaintiff's petition.

16.   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the negligence of Plaintiff in that he was negligent per se under V.T.C.A., Transportation Code §545.251 and other statutes, including, but not limited to, the following:

a.   In speeding and/or traveling at an unsafe speed; and/or

b.   In failing to yield the right-of-way to the train; and/or

c.   In failing to yield the right-of-way to the train in hazardous proximity to the crossing; and/or

d.   In failing to travel at a reasonable and safe speed under the circumstances; and/or

e.   In failing to heed traffic warnings, and/or;

f.   In failing to heed the warnings of the oncoming train, and/or;

g.   In failing to stop at least 15 feet and not more than 50 feet from the nearest rail of the railroad crossing in question; and/or

h.   In failing to stop for the train; and/or

i.   In failing to stop for the train and remain stopped until it was safe to proceed; and/or

j.   In failing to stop for stop sign as required by law; and/or

k.   In failing to stop, look, and listen for oncoming train traffic.

Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiff's petition.

17. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the negligence of Plaintiff in that he was negligent per se under V.T.C.A., Transportation Code §545.252 and other statutes, including, but not limited to, the following:

   a. In failing to yield the right-of-way to the train; and/or

   b. In failing to yield the right-of-way to the train in hazardous proximity to the crossing; and/or

   c. In failing to heed an official traffic-control device that requires a stop and that is erected pursuant to Transportation Code §545.252(a), and/or;

   d. In failing to heed the warnings of the oncoming train, and/or;

   e. In failing to stop at least 15 feet and not more than 50 feet from the nearest rail of the railroad crossing in question; and/or

   f. In failing to stop for the train; and/or

   g. In failing to stop for the train and remain stopped until it was safe to proceed.

   h. In failing to stop for stop sign as required by law; and/or

   i. In failing to stop, look, and listen for oncoming train traffic.

Plaintiff's acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiff which are alleged in Plaintiff's petition.

18. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accident. Defendant would show Plaintiff's alleged injuries and damages, if any, were caused solely as a result of an unavoidable accident which could have not been prevented by Defendants despite the exercise of all due care and caution by Defendant,

and were not caused by any alleged defective condition and/or of any acts of omission or commission by Defendant.

19. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause or new and independent cause of the accident in question, including, but not limited to, the actions or inactions of Plaintiff.

20. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendant is not responsible.

21. For further answer, if such be necessary, and pleading in he alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the effect of his alleged injuries and damages as required by law.

22. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that pursuant to the Federal Railroad Safety Act of 1970 (45 U.S.C. §421, et seq.) and the Federal Highway Safety Act of 1970 (23 U.S.C. §401 et seq.) and more specifically 23 U.S.C. §409 and the federal laws, rules, regulations, orders and standards enacted pursuant to these Acts, that federal law delegates to the public agency having jurisdictional authorization, and not to the railroad, the responsibility and the authority for determining the need for and the selection of railroad highway grade crossings, crossing signals, and classification of crossings.

23. For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.001 of the Texas Civil Practice &

Remedies Code. In this case, Defendant alleges that the negligence and/or negligence per se of Plaintiff as hereinabove set out is fifty-one percent (51%) or greater, and therefore, no damages may be recovered from Defendant.

24. For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest in this cause of action as pled by Plaintiff.

25. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages and relies on the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

26. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that, with regards to any claims against Defendant for gross negligence, the legal and factual elements necessary to impute any gross negligence to Defendant do not exist.

27. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively denies that it is liable for exemplary damages for the reason that Plaintiff has failed to produce any evidence that it should be held liable for exemplary damages for the acts of its agents as set forth in *Purvis v. Prattco, Inc.*, 595 S.W.2d 103 (Tex. 1980).

28. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law is vague and standardless as to whether and how much to punish a

defendant, and is likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

29. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff is not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

    (a) <u>Proscription on excessive fines</u>. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

    (b) <u>Requirements of Due Process</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

    (c) <u>Requirement of Equal Protection Under the Law</u>. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

    (d) <u>Proscription on Ex Post Facto and Retroactive Law</u>. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

    (e) Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

30. For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the exemplary damages, if any, assessed in this case be limited in accordance with the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and the due process and excessive fines clauses of the United States and Texas Constitutions.

<u>JURY DEMAND</u>

Defendant requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by his suit, and that Defendant be awarded its costs and attorney's fees, and have such other and further relief, general and specific, at law or in equity, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: *[signature]*
Joseph A. "Tony" Rodriguez
Attorney-in-Charge
State Bar No. 17146600
Southern District Admissions No. 10107
    Eduardo Roberto Rodriguez
State Bar No. 17144000
Southern District Admissions No. 1944
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
UNION PACIFIC RAILROAD COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Union Pacific Railroad Company's Original Answer and Jury Demand was served upon all counsel of record, to-wit:

>Gregory W. Allen
>12555-A Gulf Freeway
>Houston, Texas 77034
>Attorneys for Plaintiff

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Federal Rules of Civil Procedure on this the ____ day of December, 2003.

_____
Joseph A. "Tony" Rodriguez