IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
MAR 1 2 2004
Michael N. Milby
Clerk of Court

| | |
|---|---|
| JOSE LUIS JUAREZ | * |
| VS. | * CIVIL ACTION NO. B-03-186 |
| UNION PACIFIC RAILROAD COMPANY | * |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   Counsel for the parties attended a telephonic conference call on March 10, 2004. Appearing for the Plaintiff was Gregory W. Allen of Gregory W. Allen Attorney at Law, P.L.L.C. in Houston, Texas. Appearing for the Defendant was Joseph A. "Tony" Rodriguez of Rodriguez, Colvin & Chaney in Brownsville.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   Neither Plaintiff nor Defendant knows of any related cases that are currently pending.

3. Specify the allegations of federal jurisdiction.

   Plaintiff is a citizen of Texas, Defendant is a citizen of Delaware (place of incorporation) and Nebraska (principal place of business), and this case involves an amount in controversy in excess of $75,000. Thus there is diversity jurisdiction under 28 U.S.C. ' 1332.

4. Name the parties who disagree and the reasons.

   Neither Plaintiff not Defendant disagree.

5. List anticipated additional parties that should be included, when they can be added, and by who they are wanted.

   Neither Plaintiff nor Defendant anticipate joining any additional parties at this time.

6. List anticipated interventions.

   There are no known interventions or liens.

7. Describe class-action issues.

Neither Plaintiff not Defendant believe that there are any class action issues involved in this case.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Both Plaintiff and Defendant have made their Rule 26(a) initial disclosures.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   Discovery will involve the exchange of written discovery, depositions of the parties, fact witnesses, and expert witnesses. The parties are agreed on the deadlines set forth in the case management plan attached hereto as Exhibit "A".

   B. When and to whom the Plaintiff anticipates it may send interrogatories,

   Plaintiff has already sent interrogatories to Defendant.

   C. When and to whom the Defendant anticipates it may send interrogatories;

   Defendant has already sent interrogatories to Plaintiff.

   D. Of whom and by when the Plaintiff anticipates taking oral depositions;
   Plaintiff anticipates taking oral depositions of the following:

   -- all of Plaintiffs health care providers;
   -- Defendant's engineer and any other crew members on the locomotive at the time of the collision;
   -- the reporting officer, Jose M. Mendoza;
   -- Dean Cook, claims agent for Defendant.

   E. Of whom and by when the Defendant anticipates taking oral depositions;

   At this time, Defendant anticipates taking the oral depositions of the following:

   -- Plaintiff,
   -- all of Plaintiffs liability experts;
   -- the reporting officer, Jose M. Mendoza.

   Defendant anticipates taking these depositions, as well as those discovered needed during the discovery process, after receipt of written discovery propounded to Plaintiff.

   F. When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

    Plaintiff agrees to designate his experts and provide reports by August 02, 2004.

    Defendant agrees to designate responsive experts and provide reports by September 02, 2004.

  G. List the expert depositions (or the p arty with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)

    Plaintiff anticipates taking the depositions of his treating doctors and any experts designated by Defendant. Plaintiff anticipates completing these depositions by the close of the discovery period.

  H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B).

    Defendant anticipates deposing all of Plaintiffs designated liability experts and possibly some of Plaintiffs treating physicians by the end of the discovery period.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party.

  The parties are agreed on the deadlines set forth in the case management plan attached hereto as Exhibit "A".

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

  Plaintiff's have propounded requests for admissions to Defendant.

  Defendant has propounded depositions on written questions to:

    — the medical care providers identified in Plaintiffs Rule 26 initial disclosures;

12. State the date the planned discovery can reasonably be completed.

  The parties believe that planned discovery can reasonably be completed by November 01, 2004.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

  The parties did not engage in any formal settlement discussions at the Rule 26(f) meeting.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

  Plaintiff and Defendant have agreed to mediate this matter at the appropriate time.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively

used in this case.

Plaintiff and Defendant believe that mediation is the most suitable ADR technique. However, both parties believe that mediation would not be useful until basic discovery is completed.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Plaintiff and Defendant both agree to consent to trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    Plaintiff and Defendant state that a timely jury trial demand was made.

18. Specify the number of hours it will take to present the evidence in this case. The parties anticipate that this case will take approximately 24 hours or 3 days to present the evidence in this case.

19. List pending motions that could be ruled on the initial pretrial and scheduling conference.

    None.

20. List other motions pending.

    None.

21. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

    None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

    1.  Gregory W. Allen
        Texas Bar # 01033500
        Fed. Id. # 6166
        Houston, Texas, 77034
        Telephone (281) 922-4434
        Facsimile (281) 922-4899
        Attorney-in-charge for Plaintiff

    2.  Joseph A. "Tony" Rodriguez
        attorney-in-charge
        State Bar No. 17514859
        Southern District Admissions No. 10107
        Rodriguez, Colvin & Chaney, L.L.P.
        1201 East Van Buren
        Post Office Box 2155
        Brownsville, Texas 78522

(956) 542-7441
(956) 541-2170 fax
Attorneys for Defendant Union Pacific Railroad

Dated:

                                              Respectfully submitted,

By: _____
     Gregory W. Allen
     Texas Bar # 01033500
     Fed. Id. # 6022
     Houston, Texas, 77034
     Telephone (281) 922-4434
     Facsimile (281) 922-4899
     Attorney-in-charge for Plaintiff

/permission

AGREED:

_____
Joseph A. "Tony" Rodriguez
attorney-in-charge
State Bar No. 17514859
Southern District Admissions No. 10107
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 fax
Attorneys for Defendant Union Pacific Railroad

## CERTIFICATE OF SERVICE

I certify that on this 12th day of March, 2004, a true and correct copy of the foregoing instrument has been furnished to all counsel of record via certified mail, return receipt requested, regular U.S. Mail, hand delivery or facsimile and addressed as follows:

Gregory W. Allen
Attorney at Law, PLLC
12555-A Gulf Freeway
Houston, TX 77034

_____
Joseph A. "Tony" Rodriguez

**EXHIBIT "A"**
**CASE MANAGEMENT PLAN**

| | |
|---|---|
| Trial | _____ |
| Final Pretrial Conference | _____ |
| Filing of Joint Pretrial Order | _____ |
| Dispositive Motions | _____ |
| Joinder of Parties | _____ |
| Amendment of Pleadings | _____ |
| Plaintiff's's Experts Designation and Reports | August 02, 2004 |
| Defendant's Experts Designation and Reports | September 02, 2004 |
| Responsive Expert Designation and Reports | _____ |
| Discovery completion | November 01, 2004 |